

LAW OFFICE OF
Adam Gonnelli LLC
Admitted in New York and New Jersey

October 17, 2025

The Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

**Re: Hume v. AMRK Enterprises, Inc., 25-cv-4527 Pre-Motion Letter**

Dear Judge Marutollo,

Defendant AMRK Enterprises Inc. submits this letter in accordance with the Court's Individual Practices and Rules VI. (A)(2), regarding a motion to dismiss the claims of plaintiff Justin Hume.

Plaintiff Justin Hume, proceeding *pro se*, alleges that he received "at least thirty-four (34) unsolicited marketing text messages from Defendant advertising small business loans" to his cell phone. Dkt. 7-1, ¶6. Mr. Hume also alleges that his number was listed on the National "Do Not Call" registry. ¶12. Mr. Hume brings two causes of action under the Telephone Consumer Protection Act, 47 U.S.C. §227, and one under the Texas Telephone Solicitation Act.

Relevant Provisions of The Telephone Consumer Protection Act
Mr. Hume relies on two prohibitions in the TCPA, set forth in 47 U.S.C. §227(b) and §227(c). Section 227(b), "Restrictions on use of automated telephone equipment," restricts the use of an "automatic telephone dialing system or an artificial prerecorded voice." §227(b)(1)(A).

Section 227(c) "Protection of subscriber privacy rights," instructs the FCC to promulgate rules for "do not call" (DNC) lists for the purpose of protecting "residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," and provides a private right of action limited to "telephone calls" that violate §227(c).

Plaintiff's Autodialer Claim Must Be Dismissed
Mr. Hume's first cause of action is based on 47 U.S.C. 227(b) which prohibits, in relevant part:

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...

707 Alexander Road • Building 2 - Suite 208 • Princeton, New Jersey 08540
adam@arglawoffice.com • (917) 541-7110

Mr. Hume's §227(b) claim must be dismissed because he has not properly alleged, nor does AMRK use, an autodialer or prerecorded voice. However, even if that were not the case, the complaint does not contain sufficient allegations to state a claim under §227(b)(1)(A). The only relevant allegation is that the calls were "automated" (¶20), which is insufficient to allege the use of an ATDS. *Baranski v. NCO Fin. Sys.*, No. 13 CV 6349, 2014 U.S. Dist. LEXIS 37880, at *16 (E.D.N.Y. Mar. 21, 2014) (dismissing §227(b) claim for insufficient allegations concerning use of autodialer).

<u>Plaintiff's "Do Not Call" List Claim Must Be Dismissed</u>
Mr. Hume's §227(c) claim must be dismissed because §227(c)(5) does not provide a private right action for text messages. Section 227(c)(1) to (4) instructs the FCC to undertake rulemaking to protect the privacy rights of residential telephone subscribers. However, the private right of action is limited to "telephone calls":

> Private right of action. A person who has received more than one ***telephone call*** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—…

47 U.S.C §227(c)(5)(emphasis added). *See Davis v. CVS Pharmacy, Inc.*, No. 4:24-cv-477, 2025 U.S. Dist. LEXIS 167366, at *6 (N.D. Fla. Aug. 26, 2025)("Congress can (and does) provide private rights of action narrower than its full breadth of regulation. The very provision at issue (§ 227(c)(5)) proves the point. It limits the private right to those who received two or more unwanted calls, even when a single call would violate the TCPA.").

And a plain reading of the TCPA yields the conclusion that text messages are not "telephone calls" under 227(c)(5). Courts must interpret every statute "in accord with the ordinary public meaning of its terms at the time of its enactment." *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 654 (2020). As a Florida district court recently noted, the private right of action in §227(c) does not include text messages:

> [I]f the text is clear, the analysis begins and ends there. The statutory text here *is* clear, and a text message is not a "telephone call." …Certainly, no ordinary person would think of a text message as a "*telephone* call." This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case.

*Davis* at *3. Accordingly, the Court's analysis can end there.

However, the FCC regulations promulgated pursuant to §§227(b) and (c) further demonstrate that the DNC provisions do not apply to texts. The FCC expressly included text messages in the autodialer regulations, but left them out of the DNC regulations. *Compare* 47 C.F.R. §64.1200(a)(9) (autodialer regulations state "As used in the paragraph, the term "call" includes a text message, including a short message service (SMS) call.") *with* 47 C.F.R. §64.1200(c) (DNC regulations: "No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do not call

registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.").

If the FCC had determined §227(c) should apply to text messages, it could have done so, as it expressly did in the §227(b) regulations. *See Jones v. Blackstone Medical Services*, No. 1:24-cv-01074, 2025 U.S. Dist. LEXIS 138371 *8-9 (C.D. Ill. July 21, 2025) (comparing FCC regulations promulgated under §§ 227(b) and 227(c) and holding §227(c)(5) private right of action does not include text messages).

Some courts have reached the opposite conclusion, largely in the Ninth Circuit. *See, e.g., Wilson v. MEDVIDI*, No. 5:25-cv-03996, 2025 U.S. Dist. LEXIS 198827 (N.D. Cal. Oct. 7, 2025); *Ragsdale v. Leadpoint, Inc.*, No. 2:24-cv-04542, 2024 U.S. Dist. LEXIS 202327 (C.D. Cal. Nov. 5, 2024). These cases relied on Ninth Circuit precedent which, in turn, applied *Chevron* deference to the FCC's 2003 Order *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 2003 FCC LEXIS 3673 (FCC June 26, 2003). *See Wilson* at *5-6, 8; *Ragsdale* at *8-9.

However, *Chevron* deference was overruled in 2024 in *Loper Bright v. Raimondo*, 603 U.S. 369 (2024). *See also McLaughlin Chiropractic Assoc. v. McKesson Corp.*, 606 U.S. 146, 149 (2025) (holding *Loper* applies to the TCPA and stating, "In civil enforcement proceedings under the Telephone Consumer Protection Act, are district courts bound by the Federal Communications Commission's interpretation of the Act? The answer is no.").

The reason these cases and the underlying 2003 FCC Order provide little guidance in this case is that the 2003 Order addressed only claims under §227(b), not 227 (c). *See* Order ¶165 (addressing text messages sent using an ATDS and citing §227(b)). So without *Chevron* deference, courts have found that the 2003 Order does not support the position that text messages are "telephone calls" for purposes of §227(c)(5): "[The Court agrees with Defendant that based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages." *Jones* at *9-10. Accordingly, plaintiff's §227(c) claim must be dismissed.

<u>Plaintiff's Texas Telephone Solicitation Act Claims Rise Or Fall With His TCPA Claims.</u>
The Texas Telephone Solicitation Act provides a private right of action based on the TCPA. Tex. Bus. & Com. Code § 305.053 ("A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state…"). Thus, if plaintiff's TCPA claims are dismissed, so will his Texas state law claims.

Respectfully submitted,

Adam Gonnelli

3